**TEXAS SOUTHERN UNIVERSITY,**
Appellant

v.

**Mary GILFORD, Appellee.**

No. 01–08–00399–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 8, 2009.

Nichelle A. Cobb, Assistant Attorney General, Susanna Lynn Gooch Dokupil, Office of the Attorney General, Austin, TX, for Appellant.

Hugh J. Howerton, Law Offices of Hugh J. Howerton, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK, Justice HIGLEY, and Justice WILSON.*

## OPINION

DAVIE L. WILSON, Justice (Retired).

Appellee, Mary Gilford, fell down a flight of stairs at Texas Southern University ("TSU"). Gilford brought suit against TSU for damages, alleging a premises defect due to a loose handrail. TSU filed a combined plea to the jurisdiction, motion to dismiss, and motion for summary judgment, all of which the trial court denied. In this interlocutory appeal,[1] TSU claims that: (1) Gilford was not an invitee under the Texas Tort Claims Act (the "Act") because she did not pay tuition or receive financial aid, and (2) as a licensee, Gilford did not allege sufficient jurisdictional facts to establish TSU's actual or constructive knowledge of a premises defect and, therefore, did not establish TSU's waiver of immunity. We affirm.

## I. Background

In September and October of 2004, various work orders were issued for the repair of a loose handrail in the stairway of the Nabrit Science Building at TSU. The parties dispute whether repairs to the handrail were actually performed, but TSU claims that the maintenance department generated a work order and Nelson Plummer, a TSU maintenance worker, performed the repairs. TSU contends that once the repairs were performed, Plummer's supervisor signed off on the work, indicating that it had been completed satisfactorily. On September 6, 2006, Gilford fell down the flight of stairs on which the handrail repairs had allegedly been performed. Gilford subsequently sued TSU for damages. TSU filed a combined plea to the jurisdiction, motion to dismiss, and motion for summary judgment, challenging the existence of jurisdictional facts and alleging no waiver of immunity pursuant to section 101.022(a) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 2005). TSU appeals the trial court's denial of its plea to the jurisdiction.

---

* The Honorable Davie L. Wilson, retired Justice, Court of Appeals, First District of Texas, participating by assignment.

1. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 2007).

## II. Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *See Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). The standard of review of an order granting a plea to the jurisdiction based on governmental immunity is de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* .74 S.W.3d 849, 855 (Tex.2002); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). In determining whether the plaintiff has met this burden, we look to the allegations in the plaintiff's pleadings, accept them as true, and construe them in favor of the plaintiff. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). While we must construe the allegations in favor of the plaintiff, we are not bound by legal conclusions. *Tex. Natural Res. & Conservation Comm'n v. White,* 13 S.W.3d 819, 822 (Tex.App.-Fort Worth 2000), rev'd on other grounds, 46 S.W.3d 864 (Tex. 2001); *Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.,* 972 S.W.2d 140, 143 (Tex. App.-Dallas 1998, no writ.); *Salazar v. Morales,* 900 S.W.2d 929, 932 (Tex.App.-Austin 1995, no pet.). When deciding a plea to the jurisdiction, we must consider evidence "when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000).

The Texas Supreme Court has explained the approach to be taken when a governmental entity challenges the jurisdictional facts and the scope of that entity's burden:

> Then, in a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. The United States Supreme Court and all of the federal circuits have authorized federal district courts to consider evidence in deciding motions to dismiss for lack of subject matter jurisdiction. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.

*Miranda,* 133 S.W.3d at 227–28 (internal citations omitted). The supreme court recognized that the procedure in such situations parallels summary judgment practice, explaining, "[b]y requiring the [governmental entity] to meet the summary judgment standard of proof in cases like this one, we protect the plaintiffs from having to put on their case simply to establish jurisdiction." *Id.* at 228. If there is no fact question on the jurisdictional issue, the trial court will rule on the plea to the jurisdiction as a matter of law. *Id.* at 227–28. Reviewing jurisdictional determinations may require an appellate court to examine the evidence supporting a claim in the same de novo manner it reviews a summary judgment. *Id.* at 228.

As an initial matter, Gilford contends that TSU's argument at the trial court level that "Plaintiff's pleadings do not allege adequate grounds for jurisdiction" does not comport with TSU's claim on appeal that Gilford has failed to establish jurisdictional facts necessary to assert a claim under the Texas Tort Claims Act. However, based on our review of TSU's

Plea to the Jurisdiction and Reply to Gilford's Response, there is no meaningful distinction between TSU's argument at trial and on appeal. *See Blue,* 34 S.W.3d at 554 (holding that in plea to jurisdiction in sovereign immunity case, "plaintiff is required to prove facts that might be characterized as 'primarily jurisdictional.' "). Moreover, subject matter jurisdiction may not be waived and may be raised for the first time on appeal. *Hassan v. Greater Houston Transp. Co.,* 237 S.W.3d 727, 731 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). Therefore, for the purposes of this appeal, the proper question is whether Gilford has alleged facts sufficient to establish that her claim for damages falls within the waiver of TSU's immunity under the Texas Tort Claims Act.[2]

### III. Premises Liability and Sovereign Immunity

 A unit of state government is immune from suit and liability unless the state consents. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999) (per curiam). Governmental immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). Generally, a party suing a governmental entity must establish consent to sue, which may be alleged by reference either to a statute or to express legislative permission. *See Mo. Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 814 (Tex.1970). The Texas Tort Claims Act waives immunity from liability and suit in three areas: (1) property damage and personal injury caused by the use of publicly owned automobiles (section 101.021(1)); (2) personal injury caused by

a condition or use of tangible personal or real property (section 101.021(2)); and (3) claims arising out of premises defects (section 101.022). TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021–101.022 (Vernon 2005). *Dallas County v. Wadley,* 168 S.W.3d 373, 376 (Tex.App.-Dallas 2005, pet. denied); *see Miranda,* 133 S.W.3d at 225. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021–.025 (Vernon 2005).

 Under the Act, sovereign immunity is waived for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would be liable to the claimant according to Texas law if it were a private person. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005). Liability for premises defects is implied under section 101.021(2) because a premises defect arises from a condition existing on real property. *City of Midland v. Sullivan,* 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.); *Lamar Univ. v. Doe,* 971 S.W.2d 191, 195 (Tex.App.-Beaumont 1998, no pet.) If the condition of real property giving rise to the waiver of immunity is a premises defect, the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 2005). This limited duty requires that the landowner either warn the licensee of, or make reasonably safe, a dangerous condition of which the landowner has actual knowledge and the licensee does not. *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992). However, if the claimant pays for the use of the premises, the limitation of duty under section

---

**2.** Gilford also contends that this Court has no jurisdiction to review the trial court's denial of TSU's motion for summary judgment. However, because TSU appeals only the trial court's order regarding TSU's plea to the jurisdiction, the ruling on TSU's motion for summary judgment is not the subject of TSU's appeal and, therefore, is not before us.

101.022 does not apply and the governmental entity owes the claimant the duty owed to an invitee. *See id.* The duty to an invitee "requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware." *Id.*

## IV. Discussion and Analysis

 As we have observed, the differences between the elements a licensee must establish and those an invitee must establish in a premises liability case are as follows: (1) an invitee need only show the landowner reasonably should have known of the defect, while a licensee must show the landowner's actual knowledge, (2) an invitee's knowledge of the defect is immaterial, while a landowner owes no duty to a licensee who also knows of the defect. Thus, in order to establish consent to sue under either the invitee or licensee standards, Gilford must raise first raise a fact question as to TSU's actual knowledge of an unreasonable risk of harm. *See Porter v. Grayson County,* 224 S.W.3d 855, 859 (Tex.App.-Dallas 2007, no pet.) (setting forth the standards for waiver of sovereign immunity under the Act).

TSU contends that Gilford has produced "no evidence" that TSU actually knew that the handrail that allegedly caused Gilford's fall was unsafe. Gilford, however, had no burden to present evidence of TSU's knowledge until TSU had established its lack of knowledge. *See Miranda,* 133 S.W.3d at 228. TSU has failed to meet this burden. For her part, Gilford alleges that "as early as September 13, 2004," TSU had notice of the loose handrail in the Nabrit Science Building that was allegedly the cause of Gilford's accident. In support of this, Gilford points to a work order that

was generated on September 13, 2004, which reflects that a handrail was "falling off the wall." Additionally, Gilford points to work orders generated on October 13, 2004, and October 15, 2004, which also reflect a loose handrail.[3] TSU does not dispute that the particular handrail referenced in the work orders was the handrail that allegedly caused Gilford's fall.

 Actual knowledge of a dangerous condition is what a person actually knows, as distinguished from constructive or imputed knowledge, or what a reasonably prudent person should have foreseen. *Keetch v. Kroger Co.,* 845 S.W.2d 276 (Tex. App.-Dallas 1990); *Johnson v. Tom Thumb Stores, Inc.,* 771 S.W.2d 582 (Tex. App.-Dallas 1989, writ denied). Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition. *Brinson Ford, Inc. v. Alger,* 228 S.W.3d 161, 162 (Tex.2007) (holding as matter of law no actual knowledge when over 10–year period no customer visiting car dealership had been injured by allegedly dangerous ramp, nor had dealership received any complaints about ramp's safety); *City of Houston v. Harris,* 192 S.W.3d 167, 175 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (finding that metal elephant statue at zoo was not unreasonably dangerous because City introduced evidence that it had no knowledge of prior accidents or complaints involving statue); *Rice Food Mkt. v. Hicks,* 111 S.W.3d 610, 613 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (noting no actual knowledge when allegedly dangerous sign

**3.** The work order generated on October 13 refers to the Nabrit Science Building, while the work order generated on October 15 references the "N.S. Bldg. Old Wing."

had never fallen before and there had been no similar incidents).

Gilford contends that work orders regarding the handrail and the testimony regarding its alleged repair in 2004 create a fact question regarding TSU's actual knowledge of the defect and, therefore, that the trial court properly dismissed TSU's plea to the jurisdiction. Accepting Gilford's pleadings as true, and construing them in favor of Gilford, we agree. *Miranda*, 133 S.W.3d at 226.

TSU's brief incorrectly asserts that, in order to establish jurisdiction to sue under the Act, Gilford must satisfy all elements of the standard imposing liability on a property owner in a premises defect claim. TSU is correct that, in order to ultimately prevail in her cause of action, Gilford must establish each of these factors. However, the merits of any claim that Gilford may assert against TSU as a licensee or as an invitee are not "jurisdictional" and have not been properly brought before us in this interlocutory appeal.

■ Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides that a person may appeal from an interlocutory order of a district court, county court at law, or county court that "grants or denies a plea to the jurisdiction by a governmental unit...." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon 2007(?)). We strictly construe statutes giving us jurisdiction over interlocutory appeals. *Potter County Attorney's Office v. Stars & Stripes Sweepstakes, L.L.C.*, 121 S.W.3d 460, 464 (Tex.App.-Amarillo 2003, no pet.); *Am. Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex.App.-Houston [14th Dist.] 1997, no writ).

Were TSU appealing the trial court's failure to grant TSU's motion for summary judgment, then the issue of whether Gilford had established a material fact issue as to her premises defect claim would be properly before this court. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985) (holding that, to prevail on motion for summary judgment, movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as matter of law). However, as TSU concedes, it has not appealed the trial court's denial of its motion for summary judgment, nor could it in this interlocutory appeal. Pursuant to section 51.014(a)(8) of the Civil Practice and Remedies Code, we have no jurisdiction to determine fact questions regarding TSU's duty to Gilford as either an invitee or as a licensee, and we decline to do so. *Compare Dallas County v. Wadley*, 168 S.W.3d 373, 375–76 (Tex.App.-Dallas 2005, pet. denied) (finding that appellant's argument that appellees' premises liability claim lacked merit did not constitute plea to jurisdiction). Therefore, for the reasons stated, we overrule TSU's issues and hold that Gilford has established a fact issue sufficient to invoke TSU's waiver of immunity from suit under section 101.022 of the Act.

## V. Conclusion

Gilford's allegations state a cause of action within the Texas Tort Claims Act's waiver of immunity arising from some condition or some use of tangible property. The judgment of the trial court is affirmed.