

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00010-CV

LEON COUNTY, TEXAS,

Appellant

 v.

FRANCES DONAHOE,

Appellee

From the 12th District Court
Leon County, Texas
Trial Court No. PI-06-378

# MEMORANDUM  OPINION

Frances Donahoe sued Leon County for personal injuries, asserting a premises liability claim.  Leon County filed a plea to the jurisdiction and special exceptions, and Donahoe filed an amended petition.  After some discovery had taken place, Leon County filed a "motion to dismiss for lack of subject-matter jurisdiction and, alternatively, for summary judgment."  The trial court denied the plea to the jurisdiction and the motions for summary judgment.  Asserting three issues, Leon County appeals. We will affirm.

A county's immunity from suit defeats a trial court's subject matter jurisdiction; thus, it is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225-26 (Tex. 2004). Whether the trial court had subject matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002).

Leon County's first issue asserts that the trial court erred in denying the plea to the jurisdiction on the ground that Donahoe's pleadings were insufficient to invoke the trial court's jurisdiction.

> When reviewing whether a plea was properly granted [or denied], we first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiffs and looking to the pleader's intent. The allegations found in the pleadings may either affirmatively demonstrate or negate the court's jurisdiction.

*City of Waco v. Kirwan,* --- S.W.3d ---, ---, 2009 WL 3969375, at *2 (Tex. Nov. 20, 2009) (citations omitted). The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). We accept the pleading's factual allegations as true. *Miranda,* 133 S.W.3d at 226.

Donahoe's amended petition states:

> This cause of action is brought under and pursuant to what is commonly known as the Texas Tort Claims Act and in particular is brought pursuant and subject to § 101.021 dealing with Governmental Liability for premises and special defects. Your Plaintiff would show unto the Court and jury that on or about the 2nd day of June, 2006, at or about the hour of 11:00 o'clock a.m., she had gone to Centerville, Leon County, Texas, to the courthouse in order to pay her taxes, and while in Leon County and upon the premises owned, claimed and maintained by Leon County at the Centerville Courthouse, the County Seat of Leon County,

Ms. Donahoe, while walking upon the sidewalk was caused to slip and fall or trip and fall upon an uneven and unlevel surface that created and constitutes a special defect or premises defect as those terms are known and understood at law. The walkway that had been laid by whatever person or entity was improperly and defectively done and obscured and covered with a mat causing Ms. Donahoe to trip and fall and injure herself causing her to break both of her wrists and causing significant soft tissue injury to her hands and arms, as well as, an injury to her right shoulder.

Your Plaintiff would show that Leon County, Texas, and its agents, servants and employees created a dangerous and unsafe condition for people using the premises, and rather than make the premises safe or to warn of the unsafe conditions, it tried to cover the unlevel area with mats. No warning signs were placed, the area was not roped off, and there was no attempt to warn the public of the existence of the condition. The condition was well-known to the County officials but totally and completely unknown to Frances Donahoe. If it be found that the condition created was not a special defect then alternatively the Plaintiff pleads that the premises in question was a premises defect as that term is know and understood at law.[1]

Section 101.025 of the Texas Tort Claims Act provides for a waiver of sovereign immunity to the extent of liability created by the Act and allows a person having a claim under the Act to sue a governmental unit for damages as allowed by the Act. TEX. CIV. PRAC. & REM. ANN. § 101.025 (Vernon 2005). "A governmental unit in the state is liable for: … (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id.* § 101.021(2) (Vernon 2005). Subsection 101.022(a) provides that "if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." *Id.* §

---

[1] Donahoe abandoned her special defect allegation and seeks recovery only for an ordinary premises defect as a licensee.

101.022(a) (Vernon Supp. 2009). "Thus, a governmental unit may be liable for an ordinary premises defect only if a private person would be liable to a licensee under the same circumstances." *County of Cameron v. Brown,* 80 S.W.3d 549, 554 (Tex. 2002).

The elements of a licensee's premises liability claim are:

- a condition of the premises created an unreasonable risk of harm to the licensee;

- the owner actually knew of the condition;

- the licensee did not actually know of the condition;

- the owner failed to exercise ordinary care to protect the licensee from danger either by not adequately warning the licensee of the condition or by not making the condition reasonably safe; and

- the owner's failure was a proximate cause of injury to the licensee.

*Id.; State Dep't of Hwys. & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex. 1992).

Leon County contends that Donahoe's pleading are insufficient because they: (1) fail to allege any facts to support the allegation that the condition was unreasonably dangerous; (2) fail to identify the "responsible county official" who had actual knowledge of the condition; and (3) fail to allege that a "responsible county official" had actual knowledge of an unreasonable risk of harm posed by the condition.

We find that Donahoe has sufficiently pled the elements of an ordinary premises defect claim against Leon County to invoke the trial court's subject matter jurisdiction. First, she pled that her suit is brought under the Texas Tort Claims Act and pled the relevant section of the Act. *See Tex. Dep't Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999) ("The party suing the governmental entity must establish the state's consent, which

may be alleged either by reference to a statute or to express legislative permission."); *see also Tex. Dep't Crim. Just. v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001) ("Mere reference to the Tort Claims Act does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court.").

Second, Donahoe has pled sufficient facts to demonstrate that her suit falls within the scope of the Act's waiver that she relies on. *See Miller,* 51 S.W.3d at 587. Having accepted her factual allegations as true, we find that Donahoe's factual allegations are sufficient to plead an ordinary premises defect claim against Leon County that falls within the Texas Tort Claims Act's limited waiver of immunity. *See, e.g., City of El Paso v. Chacon,* 148 S.W.3d 417, 425-26 (Tex. App.—El Paso 2004, pet. denied). Contrary to Leon County's assertion, Donahoe was not required to plead detailed evidentiary allegations.[2] We overrule Leon County's first issue.

In its second issue, Leon County asserts that the trial court erred in denying the County's plea to the jurisdiction and summary judgment motions because sufficient jurisdictional facts do not exist based on the record evidence. In addition to filing a motion to dismiss on its plea to the jurisdiction, Leon County filed a no-evidence motion for summary judgment asserting that there is no evidence of one or more elements of Donahoe's claim to overcome Leon County's defense of governmental

---

[2] "Texas follows a 'fair notice' standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry,* 221 S.W.3d 609, 612 (Tex. 2007); *see* TEX. R. CIV. P. 47(a). "Rule 45 does not require that the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d 491, 494-95 (Tex. 1988). No heightened pleading requirement applies to suits under the Texas Tort Claims Act.

immunity. Leon County also filed a traditional summary-judgment motion, asserting that the summary-judgment evidence established as a matter of law that the trial court lacks subject matter jurisdiction.

> "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised," even where those facts may implicate the merits of the cause of action. If that evidence creates a fact issue as to the jurisdictional issue, then it is for the fact-finder to decide. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." In considering this evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor."[3]

*Kirwan,* --- S.W.3d at ---, 2009 WL 3969375, at *2 (citations omitted).

The first element that Leon County contests is causation, pointing to the deposition testimony of Donahoe and her husband, who was with her when she fell, and asserting that this evidence is insufficient to raise a fact issue on what caused Donahoe to fall. Donahoe contends that this deposition testimony raises a fact issue.

Donahoe testified that she did not know which mat it was that she was on when she fell, nor could she say "what is was about the mat that caused" her to fall. Donahoe said her husband told her that her foot turned because there was a little dip in the sidewalk that was covered by the mat. Donahoe's husband, who said Donahoe was

---

[3] With a no-evidence summary judgment motion, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex. 2004). If there is more than a scintilla of probative evidence that raises a fact issue, then a no-evidence summary judgment is not proper. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.*

walking ahead of him, testified that he was not watching his wife's feet when she stumbled, but he believed she stumbled—"stumped" or hung her foot and lost her balance—on "unlevel ground" or "holes" (also described as a "little bump out" under the mat, which he circled on a photograph), which, in response to a question from Leon County's attorney, Mr. Donahoe said caused her to fall. And while he did not see his wife's feet make contact with what she stumbled on, he based his opinion on where she stumbled and what caused her to stumble based on where her body was when she fell. Also, on the next day, Donahoe's husband returned to the scene, pulled up the mats, and saw "broke," "unlevel" cement that he believed caused her to fall.

The test for cause-in-fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). Cause-in-fact is proved by either direct or circumstantial evidence, not by mere conjecture, guess, or speculation. *Havner v. E-Z Mart Stores, Inc.*, 825 S.W.2d 456, 459 (Tex. 1992). Generally, lay testimony is adequate to prove causation in those cases where general experience and common sense will enable a layperson to determine, with reasonable probability, the causal relationship between the event and the condition. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984). Where lay testimony establishes a sequence of events that provides a strong, logically traceable connection between the event and the condition, it is sufficient proof of causation. *Id.*

While neither of the Donahoes "eyewitnessed" Donahoe's feet when she tripped and fell, after examining the record in the light most favorable to Donahoe, indulging

every reasonable inference in her favor, and resolving any doubts against Leon County, we conclude that the above evidence is more than a scintilla of evidence that the broken or cracked sidewalk caused Donahoe to trip and fall.

Leon County also asserts that there is no evidence that it had actual knowledge on the day of the accident of the condition that allegedly caused Donahoe to fall and that it conclusively established that it had no such knowledge.

Leon County filed affidavits of Byron Ryder, the County Judge, and the four county commissioners. Each affiant states:

a. he did not recall ever seeing the sidewalk in question without the mats being on it;

b. he did not place the mats on the sidewalk and does not know who did;

c. he had never picked up or looked under the mats to see what was underneath them;

d. he had no knowledge of the condition of the sidewalk underneath the mats and did not know of any problems with the sidewalk that Donahoe claims to have caused her to fall;

e. he was not aware of any potential risk of harm that might be posed to users of the sidewalk;

f. he had no knowledge of any other similar accidents or incidents; and

g. he had no knowledge of any claims or complaints by any person that the sidewalk's condition was dangerous.

To raise a fact issue on Leon County's knowledge of the sidewalk's condition, Donahoe filed excerpts from Judge Ryder's deposition and from the deposition of George Ward, a county custodian, and photographs of the sidewalk. Judge Ryder's relevant deposition testimony is the following:

- The county owns the sidewalk and the mats, and he believes that the mats were put on the sidewalk by a county employee or someone authorized by the county, but he doesn't know it as a matter of fact.

- He believes the mats were placed on the sidewalk out of the county's obligation to maintain the sidewalk because a condition existed there that could cause someone to slip because of water accumulating or the sidewalk's condition. There were no signs warning of the sidewalk's condition.

- The sidewalk in question was repaired and replaced after Donahoe's accident to address a water and drainage issue and so that an accident like Donahoe's would not happen again.

- The person who put the mats on the sidewalk would have had full knowledge of the sidewalk's condition—its "bad spots." He does not know for sure who put the mats down, but he assumes it was George Ward.

George Ward testified in his deposition that he has been a custodian for Leon County since 1972. He washed the sidewalk mats when they were dirty by hanging them over a tree limb and spraying them with a water hose. After they dried, he would return them to the sidewalk. For the past ten years, Ward was the only person doing custodial work for the county.

The photographs of the sidewalk in question, despite being photocopies, are legible enough to reveal that the concrete is cracked and crumbling at the place where Donahoe's husband said that his wife tripped.

Indulging every reasonable inference and resolving any doubts against Leon County, we conclude that the above circumstantial evidence is more than a scintilla of evidence that Ward, a Leon County employee, had actual knowledge of the broken or cracked sidewalk where Donahoe allegedly tripped and fell; it is a reasonable inference from this evidence that Ward would have seen the problem with the sidewalk when he

removed and replaced the mats when he cleaned them.[4]

Leon County also argues that Ward's having actual knowledge is insufficient because there is no evidence that the county judge and county commissioners had actual knowledge and Ward's actual knowledge cannot be imputed to the county. In support, Leon County relies on cases applying subsection 101.101(c) of the Texas Tort Claims Act relating to actual notice—by a governmental employee "charged with responsibility for acting on the information"—of a death, injury, or property damage in lieu of formal notice of a claim under subsection 101.101(a) or to "actual notice" cases involving subsection 101.060(a)(3). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.060(a)(3), 101.101 (Vernon 2005); *McDonald v. State,* 936 S.W.2d 734, 737 (Tex. App.—Waco 1997, no writ) (applying section 101.101); *City of Texarkana v. Nard,* 575 S.W.2d 648, 651-53 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.) (applying prior version of section 101.101); *City of Dallas v. Donovan,* 768 S.W.2d 905, 908 (Tex. App.—Dallas 1989, no writ) (applying unobjected-to "actual notice" definition in *Nard*—a section 101.101 case—in suit involving actual-notice exemption in subsection 101.060(a)(3)); *Wilson v. Lott,* No. 07-99-00484-CV, 2001 WL 811067, at *3 (Tex. App.—Amarillo July 18, 2001, no pet.) (not designated for publication) (applying *Donovan* to actual-notice exemption in subsection 101.060(a)(3)). None of these cases involves the issue before

---

[4] Leon County also urges that the photographs, which were taken the day after Donahoe's accident, are not evidence that a county employee or official knew on the day of the accident of the concrete's cracked and crumbled condition. But given the testimony of Donahoe's husband about the condition and the photographs, and indulging every reasonable inference in Donahoe's favor and resolving any doubts against Leon County, we conclude that it is reasonable to infer that, on the day of the accident, the sidewalk was in the same condition as it was on the day after.

us—the imputation of a governmental unit employee's actual knowledge of an alleged premises defect to the governmental unit employer.

Donahoe relies on cases with respect to the effect of Ward's actual knowledge. These cases involve alleged premises defects where evidence of the actual knowledge of the alleged defect by a governmental employee similar to Ward's position is sufficient to raise a fact issue on the governmental unit's actual knowledge: **maintenance worker** (*Tex. Southern Univ. v. Gilford,* 277 S.W.3d 65, 67, 71 (Tex. App.—Houston [1st Dist.] 2009, pet. filed)); **bailiff** (*Rorie v. Harris County,* No. 14-06-01146-CV, 2008 WL 878938, at *1, *5 (Tex. App.—Houston [14th Dist.] April 3, 2008, no pet.) (mem. op.)); **maintenance employee who mowed grass** (*City of Houston v. Camp,* No. 01-98-00321-CV, 1999 WL 213097, at *3 (Tex. App.—Houston [1st Dist.] April 15, 1999, no pet.) (not designated for publication)); **custodian** (*Simons v. City of Austin,* 921 S.W.2d 524, 528 (Tex. App.—Austin 1996, writ denied)). We thus hold that the evidence of Ward's actual knowledge suffices to satisfy the governmental unit's actual knowledge of the alleged premises defect. This holding comports with the actual knowledge element for a common-law premises liability claim involving private property,[5] and the Texas Tort Claims Act imposes such a duty on the governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a) ("if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property").

---

[5] "[W]hen a defendant's employee learns of a dangerous condition, the defendant has actual notice of the dangerous condition." O'CONNOR'S TEXAS CAUSES OF ACTION 693 (2008) (citing *Wal-Mart Stores, Inc. v. Chavez,* 81 S.W.3d 862, 864 (Tex. App.—San Antonio 2002, no pet.), and *Reliable Consultants, Inc. v. Jaquez,* 25 S.W.3d 336, 343 (Tex. App.—Austin 2000, pet. denied)).

Because Donahoe sufficiently raised subject matter jurisdiction and raised a fact issue on the causation and actual knowledge elements of her premises liability claim, the trial court did not err in denying Leon County's plea to the jurisdiction and motions for summary judgment. We overrule Leon County's second issue and affirm the trial court's order denying the plea and the motions.[6]

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurs only in the judgment of the court to the extent it affirms the trial court's order. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed February 10, 2010
[CV06]

---

[6] Because of our ruling on the second issue, we need not address the county's third issue relating to the trial court's denial of Leon County's motion to strike an affidavit.