# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00023-CV

**City of Austin, Appellant**

**v.**

**Carol Dawson, Appellee**

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-002959, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Carol Dawson sued the City of Austin for injuries she sustained after tripping on a public sidewalk. The City filed a plea to the jurisdiction, asserting that it is protected from suit by governmental immunity and that Dawson had failed to sufficiently plead a premises-defect claim within the scope of the Texas Tort Claims Act's waiver of immunity. *See* Tex. Civ. Prac. & Rem. Code § 101.021. After the trial court denied the plea, the City filed this interlocutory appeal. *See id.* § 51.014(a)(8). In one issue on appeal, the City contends that the trial court erred in denying its plea because Dawson did not establish that the sidewalk's condition was a special defect or that it was an ordinary defect of which the City had actual knowledge. Because we conclude that Dawson's factual allegations are sufficient to show that the City had actual knowledge and that, as a result, immunity is waived under the Act, we affirm.

## BACKGROUND

On December 12, 2019, at approximately 6:10 p.m., Dawson was "walking home near the intersection of Schieffer Avenue, Cherrywood Road, and Wilshire Boulevard" when she tripped and fell over a portion of the sidewalk that had what she describes as "protrusions." According to Dawson's petition, the City "had constructed a [handicap] ramp cutting through the curb on Schieffer Avenue, near the intersection, at least several months before this incident. Instead of a gradual flared side to the ramp, the ramp had concrete protrusions similar to 'curb returns' which rose abruptly on both sides of the ramp to the height of the street curb." "[T]he curb returns formed abrupt, triangular obstructions in the sidewalk." Dawson pleaded that the condition of the sidewalk ramp constituted both an ordinary premises-defect and a special defect for which immunity is waived under the Tort Claims Act. *See id.* § 101.021 (providing for waiver of immunity for injury "caused by a condition or use" of real property).

Dawson included a photo in her petition, "depict[ing] the sidewalk at issue, as seen in the daytime":



According to her allegations, the photo shows that

> the left-most corner of the bottom of the obstruction was over 3 inches above the level of the sidewalk. The bottom triangular obstruction was 58 inches long on its street side; the upper triangular obstruction was 163 inches long on the street side. The length of the curb ramp, perpendicular to the sidewalk, was approximately 26 inches on the bottom obstruction and 37 inches on the upper obstruction.

In addition, when the incident occurred, the sidewalk was poorly lit; the protrusions were composed of the same surface as the sidewalk; the "curb ramp did not have any warning markers, reflective markings, delineators, or railings to indicate the obstruction to pedestrians"; and the "triangular obstructions [were] uneven, [such that] a pedestrian could clear one but collide with the other." Dawson, unable to see the ramp, tripped "over the larger, upper triangular obstruction shown [in the photo], causing her serious injuries, ongoing impairment, and disfigurement." The City later reconstructed the curb ramp to eliminate the curb returns.

The City filed a plea to the jurisdiction, arguing that it was protected by governmental immunity; that Dawson had failed to affirmatively demonstrate that her claim fell within the scope of the Act's waiver of immunity; and that, consequently, the trial court lacked jurisdiction over the dispute. Following a hearing, the trial court denied the City's plea, and this appeal followed.

## STANDARD OF REVIEW

Municipalities, as political subdivisions of the State, are protected from suit by governmental immunity unless that immunity has been waived by the constitution or by state law. *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). Governmental immunity, like sovereign immunity, implicates a court's subject-matter jurisdiction and may be properly asserted by a plea to the jurisdiction. *See Ryder Integrated Logistics, Inc. v. Fayette County*,

3

453 S.W.3d 922, 927 (Tex. 2015); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 225. Therefore, when a government defendant challenges jurisdiction on the basis of immunity, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Ryder Integrated Logistics*, 453 S.W.3d at 927.

When, as in this case, the defendant's plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's subject-matter jurisdiction.[1] *See Miranda*, 133 S.W.3d at 226. In making this determination, we construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. *Texas Dep't of Crim. Justice v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not contain incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the opportunity to amend. *Id.* at 226. "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo." *Id.*

---

[1] When a plea to the jurisdiction challenges the existence of jurisdictional facts and those facts implicate the merits of the plaintiff's claim, the party asserting the plea must overcome a burden similar to the movant's burden on a traditional summary-judgment motion. *See Bacon v. Texas Historical Comm'n*, 411 S.W.3d 161, 171 (Tex. App.—Austin 2013, no pet.). Here, the City neither challenged the existence of any jurisdictional facts alleged by Dawson nor submitted evidence in an attempt to negate the existence of such facts.

4

**BACKGROUND LAW**

The Tort Claims Act provides a limited waiver of governmental immunity for certain torts. *See* Tex. Civ. Prac. & Rem. Code § 101.025. In part, the Act expressly waives immunity for personal-injury claims arising from a premises defect, "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id.* § 101.022(a); *see Sampson v. University of Tex. at Austin*, 500 S.W.3d 380, 385-86 (Tex. 2016) (noting that Act waives immunity for three categories of claims, when statutory requirements are met: (1) use of publicly owned automobile; (2) injuries arising out of condition or use of tangible personal property; and (3) premises defects). When a premises-defect claim is asserted under the Act, the duty of care owed by the governmental unit depends on whether the condition is classified as an ordinary premises defect or as a special defect. *See* Tex. Civ. Prac. & Rem. Code § 101.022(a), (b).[2]

When a premises-defect claim involves an ordinary premises defect, the Act generally limits the duty owed by the governmental unit to that duty which a private landowner owes a licensee. *See id.*; *Texas Facilities Comm'n v. Speer*, 559 S.W.3d 245, 250 (Tex. App.—Austin 2018, no pet.). Under this standard, the claimant must prove that the governmental unit had *actual knowledge* of a dangerous condition and that it failed to use ordinary care to warn the

---

[2] The term "special defect" is not specifically defined in the Act but is likened to conditions "such as excavations or obstructions on highways, roads, or streets." *See University of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010) (citing Tex. Civ. Prac. & Rem. Code § 101.022(b)). As a result, in determining whether a condition constitutes a special defect, "[t]he central inquiry is whether the condition is of the same kind or falls within the same class as an excavation or obstruction." *Texas Dep't of Transp. v. York*, 284 S.W.3d 844, 847 (Tex. 2009) (per curiam). Although the Act does not use the term "ordinary defect," courts generally refer to conditions that are not special defects as "ordinary" premises defects. *See, e.g.*, *City of Denton v. Paper*, 376 S.W.3d 762, 764 (Tex. 2012) ("The principal question in this premises-liability suit against a city is whether a depression or sunken area in a roadway . . . constitutes an ordinary premises defect or a special defect within the meaning of the Tort Claims Act.").

licensee or make the condition reasonably safe.[3]  *City of Denton v. Paper*, 376 S.W.3d 762, 766 (Tex. 2012); *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).  When a claimant alleges that his injuries were caused by a special defect—such as an excavation or obstruction on a highway, road, or street—the governmental unit is held to a higher standard of care, that is, the same duty as that owed by a private landowner to an invitee.  *See* Tex. Civ. Prac. & Rem. Code § 101.022(b).  Under this standard, the claimant has to prove only that the governmental unit *should have known* of the dangerous condition.  *Texas Dep't of Transp. v. York*, 284 S.W.3d 844, 847 (Tex. 2009) (per curiam) (citing Tex. Civ. Prac. & Rem. Code § 101.022(b)).

## ANALYSIS

In what is effectively one issue on appeal, the City argues that Dawson failed to demonstrate that her claim against the City falls within the scope of the Act's waiver for premises-defect claims because (1) the facts, as alleged, fail to establish that the condition of the sidewalk was a special defect within the meaning of the Act and not an ordinary premises defect, and (2) the allegations fail to demonstrate that the City had "actual knowledge" of the condition, an element of an ordinary premises-defect claim.[4]  Assuming without deciding that the condition

---

[3]  Under this standard, the governmental unit also owes a duty to not injure a licensee by willful, wanton, or grossly negligent conduct.  *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).  Because Dawson did not allege that the City breached this duty, it is not at issue in this case.

[4]  In its plea to the jurisdiction before the trial court, the City argued in the alternative that it retained immunity under the Act's exception for claims arising from discretionary acts and omissions.  *See* Tex. Civ. Prac. & Rem. Code § 101.056.  On appeal, the City has not presented this issue as an independent ground for reversal.  *See Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 Tex. App. LEXIS 14518, at *20 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.) (explaining that issues not specifically identified in appellate brief as issue presented and supported by argument are waived); *see also* Tex. R. App. P. 38.1(f)-(i) (briefing requirements).

6

of the sidewalk was not a special defect, as the City contends, we first consider whether Dawson met her burden to sufficiently plead an ordinary premises-defect claim for which immunity is waived under the Act.

To prevail on her ordinary premises-defect claim, Dawson must show that (1) the sidewalk ramp presented an unreasonable risk of harm, i.e., an unreasonably dangerous condition; (2) the City actually knew of the condition; (3) she did not know of the condition; (4) the City failed to exercise ordinary care to warn her or make the condition reasonably safe; and (5) the City's failure was a proximate cause of her injury. *See Brown*, 80 S.W.3d at 554. A condition poses an unreasonable risk of harm for purposes of premises liability when there is a "sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Id.* at 556. In its plea, the City did not dispute that the curb ramp on the sidewalk presented an unreasonable risk of harm and thus an ordinary defect or that the City failed to warn pedestrians of the curb ramp. Instead, the issue raised by the City in its plea and now on appeal is whether Dawson met her burden to sufficiently plead the actual-knowledge element of her ordinary premises-defect claim.

To prove actual knowledge, Dawson must show that the City actually knew of a "dangerous condition at the time of the accident." *See University of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010). "Although there is not one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *University of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam). In addition, proof that a premises owner created the dangerous condition may constitute circumstantial evidence that the landowner knew of the condition. *See*

7

*Jefferson County v. Akins*, 487 S.W.3d 216, 228 (Tex. App.—Beaumont 2016, pet. denied) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 266 (Tex. 1992)).

Here, Dawson alleges in her petition that the City had actual knowledge of the sidewalk ramp because the City oversaw the construction of the ramp in January 2019; as part of its oversight, the City inspected and observed the ramp to ensure that it complied with various City requirements; and this inspection would have revealed the condition of the sidewalk ramp as it existed at the time of the accident. Further, according to Dawson's petition, "[t]he City knew the area was poorly lit because of specific safety complaints about poor lighting, that safety standards required the ramp to be free of these types of obstructions, and that construction standards required the ramp to be configured differently for safety reasons."[5]

In addition, Dawson alleges that the City "employed the company Civilitude to assist with the design and/or construction of the [ramp at issue]" and that the City "had the right to direct, review, alter and approve the details" of Civilitude's work. In August 2019, four months before Dawson's fall, Civilitude received a complaint that "the wheelchair area at the stop sign by the church near 4011 Cherrywood—matching the description of this ramp—is too narrow, not easy to see especially in the evening and at night, and that one person had already fallen there." Dawson further alleges that "[a]t the time it received this notice, Civilitude was acting within the scope of its authority as agent for the City with respect to the work project on which it was engaged . . . ."

---

[5] According to Dawson's allegations, the construction violated the City's own criteria for curb ramps with walking surface and for concrete sidewalks and curb ramps. Specifically, Dawson alleges that the curb ramp as built violated both the City of Austin Transportation Manual and the City of Austin Standard Specifications.

In its plea to the jurisdiction, and now on appeal, the City asserts that it did not receive any complaints about the sidewalk ramp and that the alleged August 2019 report received by Civilitude, even if proven, is insufficient to demonstrate actual knowledge by the City. However, the City did not support its plea, including its contention that it did not receive notice of the August 2019 report, with any evidence; thus, Dawson had no burden to present evidence of the City's actual knowledge. *See Miranda*, 133 S.W.3d at 228 (explaining that when plea challenges existence of jurisdictional facts that implicate merits, party asserting plea must overcome burden similar to traditional summary judgment). Consequently, we construe the City's contention to be that Dawson failed to plead facts demonstrating that the City was notified of the August 2019 report. Liberally construing Dawson's pleadings with an "eye to the pleader's intent," as we must, we disagree with the City's contention. Dawson's allegations regarding Civilitude's role in the design and construction of the ramp, its receipt of the complaint, and its employee-employer relationship with the City sufficiently demonstrate that the City was notified of the August 2019 report and therefore that the City was aware that the ramp posed a danger to pedestrians. *See Texas S. Univ. v. Gilford*, 277 S.W.3d 65, 67 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding that evidence of actual knowledge of alleged defect by government employees in maintenance was sufficient to raise fact issue on university's actual knowledge of condition); *see also* Tex. Civ. Prac. & Rem. Code § 101.001(2) (defining "employee" under Act). Based on the totality of Dawson's allegations, which the City did not attempt to negate, and construing them as true and in favor of Dawson, we conclude that the allegations are sufficient to establish the element of "actual knowledge."

We conclude that Dawson's ordinary premises-defect claim, as alleged, is sufficient to affirmatively demonstrate a waiver of immunity under the Act and that the trial

9

court did not err to the extent it denied the City's plea to the jurisdiction on this ground. Because we can affirm the trial court's jurisdictional ruling on this ground alone, we need not decide the City's remaining arguments concerning whether the sidewalk ramp was a special defect. *See* Tex. R. App. P. 47.1. We overrule the City's sole issue on appeal.

## CONCLUSION

We affirm the trial court's order denying the City's plea to the jurisdiction.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   August 31, 2021