WAL–MART STORES, INC., Appellant,

v.

Alma Delia CHAVEZ, Appellee.

No. 04–01–00471–CV.

Court of Appeals of Texas,
San Antonio.

May 8, 2002.

J. Woodfin Jones, Scott, Douglass & McConnico, L.L.P., Austin, for Appellant.

Calixtro Villarreal, Law Offices of Calixtro Villarreal, Jr., Rio Grande City, David E. Dilley, Jr., Dilley Law Firm, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice and SANDEE BRYAN MARION, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

In this slip and fall case, we must decide whether Wal–Mart Stores, Inc. ("Wal–Mart") had actual notice of a cooking oil spill, and, if so, whether it exercised reasonable care to reduce or eliminate the risk. Wal–Mart appeals the trial court's judgment in favor of Alma Delia Chavez ("Chavez"). In three points of error, Wal–Mart argues: (1) the evidence is legally and factually insufficient to support the jury's finding of actual or constructive knowledge; (2) the evidence is legally and factually insufficient to support the jury's finding that Wal–Mart did not exercise reasonable care to reduce or eliminate the risk; and (3) the evidence is legally and factually insufficient to support the jury's finding of proximate cause. We find the evidence is legally insufficient to show that Wal–Mart failed to exercise reasonable care to reduce or eliminate the risk.

## FACTUAL BACKGROUND

On October 1, 1998, Chavez and her husband, Horacio Lopez ("Lopez"), went shopping at a Wal–Mart in Rio Grande City. After entering the store, the family proceeded to the grocery section to find some beans. After finding the appropriate aisle, both Chavez and Lopez began searching for beans on the shelves. While looking for the beans, Chavez slipped and fell in a puddle of cooking oil that had collected on the floor.

Chavez had no sooner fell when a Wal–Mart employee, Hector Bosque ("Bosque") appeared and helped Chavez to her feet. Bosque and another employee, Benjamin Gonzalez ("Gonzalez"), had been two aisles over cleaning up a broken bottle of wine. According to Bosque's testimony, a customer approached them and informed them of the cooking oil spill. Bosque testified that he left Gonzalez to finish cleaning up the wine and went immediately to clean up the cooking oil spill. He testified that it took him only 10 to 15 seconds to reach the aisle where Chavez had fallen.

Chavez brought a premises liability suit against Wal–Mart. A jury found Wal–Mart 100% negligent and awarded Chavez $34, 474.00 in damages. The trial court entered judgment on the verdict.

## STANDARD OF REVIEW

"If a party is attacking the legal sufficiency of an adverse finding of an issue on which it did not have the burden of proof, the attacking party must demonstrate on appeal that there is no evidence to support the adverse finding." *Star Enter. v. Marze*, 61 S.W.3d 449, 461 (Tex.App.-San Antonio 2001, pet. filed). "Challenges to the legal sufficiency of the evidence must be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence established conclusively the opposite of the vital fact." *Id.* "In reviewing legal sufficiency, we are required to determine whether the proffered evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* "To rise above a scintilla, the evidence offered to prove a vital fact must do more than create a mere surmise or suspicion of its existence." *Lozano v. Lozano*, 52 S.W.3d 141, 145 (Tex.2001). "[W]e must consider all of the record evidence in the light most favorable to the party in whose favor the verdict has been rendered and indulge every reasonable inference deducible from the evidence in that party's favor." *Marze*, 61 S.W.3d at 462.

"If a party is attacking the factual sufficiency of an adverse finding on an issue to which the other party has the burden of proof, the attacking party must demonstrate that there is insufficient evidence to support the adverse finding." *Id.* "When reviewing a challenge to the factual sufficiency of the evidence, we must consider all of the evidence in the record." *Id.* "We should set aside the verdict only if the evidence which support the jury's finding is so weak as to be clearly wrong and manifestly unjust." *Id.*

### DISCUSSION

 Chavez was an invitee of Wal–Mart. "As such, Wal–Mart owed her a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it." *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex.1998). "However, a land possessor's duty toward its invitee does not make the possessor an insurer of the invitee's safety." *Id.* In order to prevail on a premises liability claim, the plaintiff must prove the following: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Id.*

 With respect to the knowledge requirement, the only theory submitted to the jury was that of actual knowledge. Chavez did not submit constructive knowledge in the jury charge as a basis for liability. "In the absence of an objection, the sufficiency of the evidence is usually measured against the statement of law contained in the charge, even if it is defective." *Household Credit Serv., Inc. v. Driscol,* 989 S.W.2d 72, 88 (Tex.App.-El Paso 1998, pet. denied). Because of this omission, the only theory the jury was able to consider is whether Wal–Mart had actual knowledge. Chavez is bound by the charge submitted at trial, and has waived any theory of liability based on constructive knowledge. *See Driscol,* 989 S.W.2d at 88.

The unidentified customer informed Bosque of the cooking oil spill, so there is no question that Wal–Mart had actual knowledge of the spill. The determinative question, however, is whether Wal–Mart, acting through Bosque, had actual knowledge of the spill before the time Chavez fell. Even assuming that Chavez satisfied the actual knowledge requirement, we believe she presented legally insufficient evidence to prove that Wal–Mart did not exercise reasonable care to reduce or eliminate the risk.

The only direct evidence with respect to reasonable care was Bosque's own testimony. He testified that after the customer informed him of the spill, he proceeded immediately to that location. He stated that 10 to 15 seconds passed from the time the customer informed him of the spill to when he arrived at the accident scene. When he arrived, Chavez had already fallen.

Chavez points to the testimony of her husband, Horacio Lopez, to support her position that Wal–Mart did not exercise reasonable care. When asked on direct examination what Bosque said when he arrived at the accident scene, Lopez testified as follows: "He said someone had told him before about the oil, but they were taking care of the other aisle where the broken bottle was of wine." Chavez argues that this testimony properly allowed the jury to infer that Bosque delayed some amount of time before attending to the cooking oil spill, and that this shows that Wal–Mart did not exercise reasonable care

to reduce or eliminate the risk. While we agree that an inference of some delay is possible, there is no evidence that Wal–Mart did not exercise reasonable care to clean up the oil timely.

Lopez's testimony creates merely a surmise or suspicion that Wal–Mart did not exercise reasonable care to reduce or eliminate the risk of the cooking oil spill. *See Lozano*, 52 S.W.3d at 145. Bosque's testimony shows that he proceeded immediately to eliminate the risk after he had been informed of the spill. By proceeding immediately to the accident scene, taking only 10 to 15 seconds, Bosque acted reasonably. Chavez has offered no more than a scintilla of evidence to prove that Wal–Mart failed to exercise reasonable care, thus the evidence is legally insufficient. *See Marze*, 61 S.W.3d at 462. Because there is no evidence to support the jury's finding of Wal–Mart's failure to exercise reasonable care, Chavez cannot prevail against Wal–Mart on her premises liability claim. *See Gonzalez*, 968 S.W.2d at 936. We sustain Wal–Mart's second point of error.

## CONCLUSION

The trial court's judgment in favor of Chavez is reversed, and judgment is rendered that Chavez take nothing from Wal–Mart.