Opinion issued April 21, 2011

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01060-CV

———————————

Julia Knox, Appellant

V.

Fiesta Mart,
Inc., Appellee



 



 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas



Trial Court Case No. 938057

 



 

MEMORANDUM OPINION

          In
this premises liability case, appellant, Julia Knox, sued Fiesta Mart, Inc.
(“Fiesta Mart”) for negligence after she allegedly tripped over a pallet
containing a box of watermelons located at the entrance to the store and
injured her knee.  Fiesta Mart moved for
no-evidence summary judgment, contending that Knox could present no evidence
that an unreasonably dangerous condition existed or that Fiesta Mart had actual
or constructive knowledge of such a condition. 
The trial court rendered summary judgment in Fiesta Mart’s favor.  In two issues on appeal, Knox contends that
the trial court erred in rendering summary judgment because (1) she raised a
fact issue regarding whether Fiesta Mart had actual or constructive knowledge
of the condition on the premises and (2) she raised a fact issue regarding
whether the location and placement of the watermelon pallets posed an
unreasonable risk of harm.

          We affirm.

Background

          On
April 16, 2007, Knox, her son-in-law Abasi King, and her grandson visited a
Fiesta Mart store in southwest Houston. 
As she walked to the entrance of the store, Knox allegedly tripped over
a pallet that held a box containing watermelons.  Knox fell to the ground and injured her knee,
which eventually required surgery.

          Knox
sued Fiesta Mart for negligence under a premises liability theory, alleging
that Fiesta Mart “negligently permitted the floor to become dangerous” and
“negligently or willfully failed to warn [Knox] of the condition of the
floor.”  Knox specifically alleged that
Fiesta Mart failed to “properly inspect and maintain the flooring area in
question to discover the dangerous condition,” failed to “maintain the floor in
a reasonably safe condition,” failed to “give adequate and understandable
warnings to [Knox] of the unsafe condition,” and failed to “remove the
watermelon pallet causing the trip and fall.”

          Fiesta
Mart moved for no-evidence summary judgment. 
Fiesta Mart contended that Knox could present no evidence that the
watermelon pallet posed an unreasonable risk of harm because Knox was
“allegedly harmed by nothing more than the mere presence of a watermelon
crate.”  Knox was not harmed by a
watermelon that had fallen off of the pallet but by the pallet itself, and Fiesta
Mart argued that no evidence existed that the pallet was unreasonably
dangerous.  Fiesta Mart also contended
that Knox could present no evidence that it had either actual or constructive
notice of the condition.  Fiesta Mart
argued that Knox had no evidence that it actually knew, before her fall, that
the watermelon pallet was unreasonably dangerous and, because Knox had no
evidence of how long the condition had existed before her fall, Fiesta Mart
could not be charged with constructive notice of the condition.

          In
response to Fiesta Mart’s summary judgment motion, Knox presented the entire
transcript of her deposition and an affidavit from King, who was with Knox when
she fell.  Knox argued that she presented
sufficient evidence to raise a fact issue on whether the watermelon pallet
posed an unreasonable risk of harm because (1) she had opined in her deposition
testimony that the pallet was too close to the entrance door; (2) she testified
that the store manager, while speaking with her after her fall, agreed that the
pallet was too close to the entrance; and (3) King also averred that the pallet
was too close to the door.  Knox also
argued that she raised a fact issue regarding Fiesta Mart’s knowledge of the
condition because store employees had set up the pallet and thus created the
allegedly dangerous condition.

          In
her deposition, Knox testified that she routinely visited this particular
Fiesta store and was familiar with its layout. 
She stated that, as she was walking into the Fiesta, she tripped over a
pallet placed by the entrance door and fell to the ground.  Knox testified that a large box full of
watermelons sat on top of the pallet.  During
the deposition, Fiesta Mart’s counsel showed Knox a picture of the entrance to
the Fiesta, which depicted a box of watermelons resting on a display pallet,
and asked her if the picture resembled the entrance on the date of the
incident.  Knox testified that the
picture was different because the watermelon pallet was “closer to the door” on
the day of the accident.  She stated that
“even the manager said [the pallet] was too close [to the door.]”  She also testified that, on the day of the
incident, the pallet was “older” and “more raggedy” than the pallet in the
picture and the box holding the watermelons looked more worn and did not have
yellow “warning” arrows on the corners, unlike the watermelon box in the
picture.  Knox testified that she could
not remember if she saw the watermelons before she fell, although she
acknowledged that, in her recorded statement made two months after the
incident, she stated that she was looking at the watermelons before she fell.

          Knox
further testified that, after she fell, the Fiesta manager came outside, helped
her up, gave her water and a towel, apologized, and gave her a $750 medical
voucher.  The deposition exhibits, which
Knox attached to her summary judgment response, included the picture of the
Fiesta entrance that Fiesta Mart’s counsel had shown to Knox during her
testimony.  The exhibits also included
the incident report completed by the manager, which contained the following
statement:  “The pallet of watermelon[s]
is far from the door way—bigger than
two basket length[s] from [the] door.”

          As
additional summary judgment evidence, Knox attached an affidavit from Abasi
King, her son-in-law.  King averred that
“[t]he pallets were located too close to the front entrance door in a high
traffic area.”  In its summary judgment reply, Fiesta
Mart objected to this portion of King’s affidavit on the grounds that this
statement was an “unsubstantiated opinion” and was both legally and factually
conclusory.  The trial court sustained
the objection.  Knox does not challenge
this ruling on appeal.[1]

          In
its reply, Fiesta Mart argued that Knox’s testimony regarding what the manager
said provides no evidence of notice “because it does not address how long [the
condition] had allegedly existed prior to the incident” and it “provides
evidence only that Fiesta knew of the location of the pallets after the incident, which is not [the]
proper inquiry.”  Fiesta Mart also argued
that Knox cited to no authority that the “placement of an object can make it unreasonably
dangerous.”

          The
trial court rendered summary judgment in favor of Fiesta Mart and this appeal
followed.

Standard of Review

          We
review de novo the trial court’s ruling on a summary judgment motion.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  After an adequate time for
discovery, a party may move for no-evidence summary judgment on the ground that
no evidence exists of one or more essential elements of a claim on which the
adverse party bears the burden of proof at trial.  Tex.
R. Civ. P. 166a(i); see Flameout Design
& Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834
(Tex. App.—Houston [1st Dist.] 1999, no pet.). 
The burden then shifts to the nonmovant to produce evidence raising a
genuine issue of material fact on the elements specified in the motion.  Tex.
R. Civ. P. 166a(i); Mack Trucks,
Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The trial court must grant the motion unless
the nonmovant presents more than a scintilla of evidence raising a fact issue
on the challenged elements.  Flameout Design & Fabrication, 994
S.W.2d at 834; see also Merrell Dow
Pharms. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997) (“More than a scintilla
of evidence exists when the evidence supporting the finding, as a whole, ‘rises
to a level that would enable reasonable and fair-minded people to differ in
their conclusions.’” (quoting Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995))).  To determine if the nonmovant has raised a
fact issue, we review the evidence in the light most favorable to the nonmovant,
crediting favorable evidence if reasonable jurors could do so, and disregarding
contrary evidence unless reasonable jurors could not.  See
Fielding, 289 S.W.3d at 848 (citing City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).

          When,
as here, the trial court’s summary judgment does not state the basis for the
court’s decision, we must uphold the judgment if any of the theories advanced
in the motion are meritorious.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 216 (Tex. 2003).

Actual or Constructive Knowledge

          In
her first issue, Knox contends that the trial court erred in rendering summary
judgment in favor of Fiesta Mart because her summary judgment evidence raised a
fact issue regarding whether Fiesta Mart had actual or constructive knowledge
of the location and placement of the watermelon pallets.

          Fiesta
Mart owed Knox, its invitee, a duty to exercise reasonable care to protect her
from dangerous conditions in the store that were either known or reasonably
discoverable.  See Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex.
1998); Bendigo v. City of Houston,
178 S.W.3d 112, 114 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  This duty does not, however, make the
premises owner an insurer of the invitee’s safety.  Gonzalez,
968 S.W.2d at 936; Bendigo, 178
S.W.3d at 114.  To recover damages, a
plaintiff must prove:

(1)            
Actual or constructive knowledge of some condition on the   premises by the owner/operator;

 

(2)            
That the condition posed an unreasonable risk of harm;

 

(3)            
That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

 

(4)            
That the owner/operator’s failure to use such care proximately       caused the plaintiff’s injuries

 

Keetch v.
Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). 
A premises liability plaintiff satisfies the notice element by
establishing that (1) the premises owner created the allegedly dangerous
condition; (2) the owner actually knew that the allegedly dangerous condition
existed; or (3) it is more likely than not that the condition existed long
enough to give the premises owner a reasonable opportunity to discover it.  See
Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002); see also Wright v. Wal-Mart Stores, Inc.,
73 S.W.3d 552, 554 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (stating that
knowledge can be established by “proof that employees either saw or were told
of the harmful condition prior to the plaintiff’s injury”).

A.  
Actual Knowledge

Actual knowledge “requires
knowledge that the dangerous condition existed at the time of the accident, as
opposed to constructive knowledge which can be established by facts or
inferences that a dangerous condition could develop over time.”  City of
Corsicana v. Stewart, 249 S.W.3d 412, 414–15 (Tex. 2008) (per curiam).  Circumstantial evidence establishes actual
knowledge only when it directly or by reasonable inference supports that
conclusion.  Id. at 415 (citing State v.
Gonzalez, 82 S.W.3d 322, 330 (Tex. 2002)). 
When determining if a premises owner has actual knowledge of a condition
that presents an unreasonable risk of harm, courts generally consider whether
the owner had received reports of prior injuries or reports of the potential
danger presented by the condition.  Tex. S. Univ. v. Gilford, 277 S.W.3d 65,
70 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing Brinson Ford, Inc. v. Alger, 228 S.W.3d
161, 163 (Tex. 2007) (per curiam)); see
also Wal-Mart Stores, Inc. v. Chavez, 81 S.W.3d 862, 864 (Tex. App.—San
Antonio 2002, no pet.) (“The unidentified customer informed [an employee] of
the cooking oil spill, so there is no question that Wal-Mart had actual
knowledge of the spill.”).

Knox contends that Fiesta Mart had
actual knowledge of the allegedly dangerous condition because Fiesta Mart
employees placed the pallet in the entryway, monitored the pallet, and placed
more watermelons on the pallet as it became empty.  Knox cites the Texas Supreme Court’s
decisions in Keetch and Coffee v. F.W. Woolworth Co., 536 S.W.2d
539 (Tex. 1976), for the proposition that when store employees create the
allegedly dangerous condition, this is circumstantial evidence or an “inference
of knowledge” that raises a fact issue. 
Fiesta Mart responds that Knox’s only evidence of actual knowledge is
“the way in which the pallets were placed,” and Knox presented no evidence that
“Fiesta was ever told by anyone of the way in which the pallets were placed” or
that “Fiesta actually created the condition.” 
Fiesta Mart also contends that neither Keetch nor Coffee holds
that an “inference of knowledge” is a fact question for the jury.

In Rice Food Market, Inc. v. Hicks, 111 S.W.3d 610 (Tex. App.—Houston
[1st Dist.] 2003, pet. denied), we addressed whether Hicks presented legally
and factually sufficient evidence that Rice Food Market had actual knowledge
that a sign hanging from a kiosk posed an unreasonable risk of harm.  We observed that although the Texas Supreme
Court held in Keetch that the fact
that a premises owner created a condition “may support an inference of
knowledge,” the fact-finder “must still find that the owner or occupier knew or
should have known of the condition.”  Id. (quoting Keetch, 845 S.W.2d at 265).  We
noted that Hicks presented no evidence that the sign had fallen before the
particular incident at issue, and a Rice employee testified at trial that he
was not aware of any similar incidents.  Id. 
We also noted that “there is no evidence in the record that the sign was
a dangerous condition from the moment it was installed.”  Id.  We concluded that Hicks presented no evidence
that Rice had actual knowledge that the sign posed an unreasonable risk of harm,
and we ultimately reversed the trial court and rendered judgment that Hicks take
nothing.  Id.

We also addressed, in Lofton v. Marmaxx Operating Corp.,
whether T.J. Maxx had knowledge that a floor mat placed in front of an exit
door by an employee posed an unreasonable risk of harm.  No. 01-06-01109-CV, 2008 WL 525678, at *3
(Tex. App.—Houston [1st Dist.] Feb. 28, 2008, no pet.) (mem. op.).  We agreed with T.J. Maxx’s assertion that
“knowledge that it had placed a floor mat in its foyer is not knowledge that
the floor mat presented a hazard.”  Id. 
We noted that Lofton had presented no evidence that other patrons had
previously tripped on the mat, that the mat had any defects, that the type of
mat used was unusual, or that “[the mat’s] particular construction and
placement should have suggested to T.J. Maxx that it presented a prohibitive
degree of danger.”  Id.  We affirmed the summary
judgment in favor of T.J. Maxx.

Here, Knox presented no evidence
that Fiesta Mart had received reports of prior injuries to customers from
tripping over the watermelon pallet or reports of the potential danger
presented by the pallet, that there was anything unusual about this watermelon
pallet, or that its construction or placement should have suggested to Fiesta
Mart that it “presented a prohibitive degree of danger.”  See
Lofton, 2008 WL 525678, at *3; see
also Gilford, 277 S.W.3d at 70; Rice
Food Mkt., 111 S.W.3d at 613; Chavez,
81 S.W.3d at 864.  Aside from opining,
based on a picture of the Fiesta entrance that Fiesta Mart’s counsel showed her
during her deposition, that the watermelon pallet was “closer to the door” on
the day of her accident than in the picture and stating that an unidentified
manager had said that “[the pallet] was too close [to the entrance],” Knox
presented no evidence of where the pallet was actually located.  We have previously held that knowledge of the
mere placement of an object is not knowledge that the object—here, a watermelon display pallet at a grocery
store entrance—presented a hazard.  See
Lofton, 2008 WL 525678, at *3 (holding that knowledge of placement of floor
mat in front of store exit is not evidence of knowledge of hazard).  We therefore conclude that Knox presented no
evidence that Fiesta Mart had actual knowledge that the placement of the
watermelon pallet posed an unreasonable risk of harm.

B.  
Constructive Knowledge

To hold Fiesta Mart liable on the
basis that it had constructive knowledge of the allegedly dangerous condition,
Knox had to raise a fact issue regarding whether the condition had existed “for
a sufficient period of time that [the defendant] had a reasonable opportunity
to discover it.”  Reece, 81 S.W.3d at 814; CMH
Homes, Inc. v. Daenen, 15 S.W.3d 97, 102–03 (Tex. 2000).  Temporal evidence—evidence of the length of time the dangerous
condition existed—is
necessary for the fact-finder to reasonably assess the opportunity that the
premises owner had to discover the condition. 
Reece, 81 S.W.3d at 816.  “[T]here must be some proof of how long the
hazard was there before liability can be imposed on the premises owner for
failing to discover and rectify, or warn of, the dangerous condition.”  Id.

Here, Knox presented no evidence of
how long the watermelon pallet was at the particular location by the entrance
door before Knox fell.  The plaintiff
must present some evidence of how long the hazard had existed in order to
charge the premises owner with constructive knowledge and impose liability upon
it.  Id.  Because Knox presented no evidence of how
long the allegedly dangerous condition of the watermelon pallet had existed
before her fall, we conclude that Knox failed to raise a fact issue regarding
whether Fiesta Mart had constructive knowledge of the condition.  See id.;
see also Rice Food Mkt., 111 S.W.3d
at 613 (“Hicks failed to present any evidence on how long the sign had been
attached to the canvas.  The evidence is
legally insufficient to support a finding of knowledge.”).

We therefore hold that Knox failed
to raise a fact issue regarding whether Fiesta Mart had actual or constructive
knowledge that the location of the watermelon pallet posed an unreasonable risk
of harm.

We overrule Knox’s first issue.

Unreasonable Risk of Harm

          In
her second issue, Knox contends that the trial court erred in rendering summary
judgment in favor of Fiesta Mart because her summary judgment evidence raised a
fact issue regarding whether the location and placement of the watermelon
pallets posed an unreasonable risk of harm to Fiesta Mart’s customers.

          A
condition poses an unreasonable risk of harm if “there is such a probability of
a harmful event occurring that a reasonably prudent person would have foreseen
it or some similar event as likely to happen.” 
Wong v. Tenet Hosps. Ltd., 181
S.W.3d 532, 539 (Tex. App.—El Paso 2005, no pet.) (citing Reliable Consultants, Inc. v. Jaquez, 25 S.W.3d 336, 341 (Tex.
App.—Austin 2000, pet. denied)); see
Seideneck v. Cal Bayreuther & Assocs., 451 S.W.2d 752, 754 (Tex.
1970).  Foreseeability does not require that
the exact sequence of events that produced an injury be foreseeable; rather,
only the general danger must be foreseeable. 
Cnty. of Cameron v. Brown, 80
S.W.3d 549, 556 (Tex. 2002).  The
determination of whether a particular condition poses an unreasonable risk of
harm is “generally fact specific” and this type of determination “involve[s]
issues well suited for a jury.”  Wong, 181 S.W.3d at 539 (citing Reliable Consultants, Inc., 25 S.W.3d at
342).  There is no “definitive, objective
test” to apply to determine whether a condition poses an unreasonable risk of
harm.  Id. (citing Seideneck,
451 S.W.2d at 754).  A condition is not
unreasonably dangerous “simply because it is not foolproof.”  Brookshire
Grocery Co. v. Taylor, 222 S.W.3d 406, 408 (Tex. 2006).

          Fiesta
Mart relies on the Texas Supreme Court’s decisions in Taylor and H.E. Butt Grocery
Co. v. Resendez, 988 S.W.2d 218 (Tex. 1999) (per curiam), for the
proposition that the mere presence of the watermelon pallet, like the presence
of a customer sampling display in Resendez
and a self-serve soft-drink dispenser in Taylor,
is not unreasonably dangerous.  In Resendez, the supreme court addressed
whether a grape-sampling display constituted an unreasonable risk of harm after
a customer slipped near the display.  Resendez, 988 S.W.2d at 218.  The display at issue contained a bowl of
loose grapes that was “level, sitting on ice and recessed about five inches
below the table[’]s surface.”  Id. 
The table had a three-inch railing along each edge, the floor of the produce
section was non-skid, and floor mats and warning cones were present near the
grape display.  Id. at 218–19.  The court
concluded that “the mere fact that a store has a customer sampling display
cannot, without more, be evidence of
a condition on the premises that poses an unreasonable risk of harm.”  Id.
at 219 (emphasis added).  In so holding,
the court distinguished its earlier decision in Corbin v. Safeway Stores, Inc., 648 S.W.2d 292 (Tex. 1983), which
also involved a grape-sampling display. 
The Resendez court noted that,
in Corbin, “there was more evidence
than the mere existence of a display.  It
was the manner in which Safeway displayed the grapes—in a slanted bin over a linoleum tile floor
with no protective floor mat—that
created an unreasonable risk of customer falls from grapes falling on the
floor.”  Id. (citing Corbin, 648
S.W.2d at 296–97).  In contrast, in Resendez, “there [was] no evidence that
the manner of display created an unreasonable risk.”  Id.

          In Taylor, the supreme court addressed
whether a self-serve soft-drink dispenser, in addition to ice that had fallen
from the dispenser and partially melted on the floor, posed an unreasonable
risk of harm.  222 S.W.3d at 408.  The court noted that Taylor presented no
evidence that this dispenser “was set up in such a way that ice on the floor
was a greater danger than one would ordinarily encounter with such dispensers,
or that customers, though prone to spills, were any more prone around this
dispenser.”  Id.  In response to Taylor’s
argument that Brookshire Grocery should have put more mats and warning signs
around the dispenser, the court stated that this argument was relevant for
whether Brookshire Grocery exercised reasonable care, but it was not evidence
that the “dispenser itself was unreasonably dangerous.”  Id.  In concluding that the dispenser was not an
unreasonably dangerous condition, the court observed that “[a] condition is not
unreasonably dangerous simply because it is not foolproof.”  Id.

          Knox
contends that “the placement of the pallets and the fact that the pallets were
continually being emptied” made the watermelon pallet unreasonably
dangerous.  Knox presented no evidence in
the summary judgment record that the pallet “[was] continually being emptied”
or that it was “emptied” at the time of her fall.  Furthermore, Knox presented no evidence of
where the watermelon pallet was actually located.  The manager’s incident report, attached as an
exhibit to Knox’s deposition, stated that “[t]he pallet of watermelon[s] is far
from the doorway—bigger than
two basket length[s] from [the] door.” 
In response, Knox merely opined, after being shown a picture of the
Fiesta entrance that depicted a watermelon pallet clearly not obstructing the
doorway, that the pallet was “closer to the door” on the date of her
accident.  Knox provided no pictorial
evidence of the scene of her accident, she made no attempt to diagram the
location of the pallet relative to the door on the date of her accident, and
she did not offer an estimate of how far away the pallet was from the door.  Knox, therefore, has offered no evidence
beyond the mere presence of the watermelon pallet in the vicinity of the
entrance door to establish that the pallet posed an unreasonable risk of harm.  See
Resendez, 988 S.W.2d at 219; see also
Taylor, 222 S.W.3d at 408.  The mere
presence of the watermelon display at the entrance to the grocery store is no
evidence that the manner of displaying the watermelons was unreasonably
dangerous.  See Resendez, 988 S.W.2d at 219.

We conclude that Knox failed to
raise a fact issue regarding whether the location and placement of the watermelon
pallet posed an unreasonable risk of harm to Fiesta Mart’s customers.  We therefore hold that the trial court correctly
rendered summary judgment in favor of Fiesta Mart.

We overrule Knox’s second issue.

Conclusion

          We affirm
the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

 











[1]
          When the trial court sustains
objections to a party’s summary judgment evidence and the party does not attack
the merits of that ruling on appeal, we may not consider the stricken evidence
when reviewing the summary judgment.  See Little v. Needham, 236 S.W.3d 328,
331 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing Inglish v. Prudential Ins. Co. of Am., 928 S.W.2d 702, 706 (Tex.
App.—Houston [1st Dist.] 1996, writ denied)).