



# MEMORANDUM OPINION

No. 04-10-00877-CV

Ana **LOBERG**,
Appellant

v.

**HEB GROCERY CO.**, L.P. d/b/a HEB Food Store,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-09573
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 12, 2011

AFFIRMED

Ana Loberg appeals the trial court's order granting summary judgment in the underlying slip-and-fall case.  Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion.

1.    Loberg contends the trial court erred in granting a motion for a no-evidence summary judgment on her premises liability claim.  In order to defeat the no-evidence motion, Loberg was required to produce more than a scintilla of evidence that HEB Grocery Co., L.P. did

not exercise reasonable care to reduce or eliminate the risk that she would slip and fall in a puddle of water in an aisle. *Wal-Mart Stores, Inc. v. Chavez*, 81 S.W.3d 862, 864 (Tex. App.—San Antonio 2002, no pet.); TEX. R. CIV. P. 166a(i). The evidence established that a call was made over the speakers for maintenance to clean up a wet spill on aisle 7. Loberg cites evidence in the record that a store policy required an employee, who saw a spill, to either clean the spill or stand by the spill until maintenance arrived to clean the spill. No evidence was presented, however, to establish that an employee saw and reported the spill. The spill could have been reported by a customer. In a no-evidence summary judgment context, Loberg was required to produce more than a scintilla of evidence that an employee saw the spill in order to raise a fact issue on the failure to exercise reasonable care based on the store policy. Loberg also contends that the maintenance employee who responded took "over a minute" to reach the spill. The employee actually testified in his deposition that upon being notified of the spill he "stopped what [he] was doing at the bathroom so [he] could immediately go clean up the water" and it took him "[l]ess than a minute" to get to the water spill. This testimony does not satisfy Loberg's burden to produce more than a scintilla of evidence to show that HEB failed to exercise reasonable care. *See Chavez*, 81 S.W.3d at 864-65 (finding evidence legally insufficient to establish failure to exercise reasonable care where employee testified that he immediately proceeded to a spill location upon being notified by a customer and arrived in ten to fifteen seconds even though testimony of plaintiff's husband that employee had stated that they were taking care of a spill in another aisle raised an inference that some delay was possible).

2. Loberg alleged HEB was negligent per se because its actions violated a city ordinance. In granting summary judgment on Loberg's negligence per se claim, the trial court's order stated it was reconsidering the earlier denial of HEB's traditional and no-evidence motion

and the supplemental arguments and authorities offered in HEB's supplemental motion and motion for reconsideration. Accordingly, HEB asserted the following grounds for summary judgment in regard to the negligence per se claim: (1) no evidence the ordinance was penal in nature; (2) no evidence HEB breached the ordinance; (3) no evidence plaintiffs were a member of a class the ordinance was intended to protect; (4) no evidence the alleged breach of the ordinance proximately caused plaintiff's damages; (5) negligence per se inapplicable because ordinance does not set forth a specific standard of conduct different from the common-law standard of ordinary care; and (6) HEB was excused from complying with the ordinance (raised under traditional summary judgment motion). Even if this court broadly construes the two paragraphs of argument in Loberg's brief relating to her negligence per se claim as adequately addressing all six of these grounds, *see* TEX. R. APP. P. 38.1(i), and despite the fact that Loberg's brief references only the no evidence motion for summary judgment, the ordinance states the hazardous conditions are to be "removed where necessary to eliminate hazards or insanitary conditions ***with reasonable dispatch upon their discovery***." "Where a statute incorporates [an] ordinarily prudent person standard, negligence per se does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care." *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.—Texarkana 2002, pet. denied); *see also Cudworth v. South Tex. Paisano Const. Co.*, 705 S.W.2d 315, 317 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.). Stated differently, where the duty of compliance with an ordinance is conditioned on what is reasonable, the negligence per se doctrine does not apply. *Maddox*, 67 S.W.3d at 458. Because the duty to comply with the ordinance in question is conditioned on the discovery of the hazardous condition and its elimination with "reasonable dispatch," the negligence per se doctrine was inapplicable.

3.     Loberg's final issue pertains to her minor child's loss of consortium claim. Because the loss of consortium claim is derived from the injury to Loberg, the loss of consortium claim fails if Loberg's claims against HEB fail. *Brewerton v. Dalrymple*, 997 S.W.2d 212, 217 (Tex. 1999); *Hayes v. Vista Host, Inc.*, No. 03-08-00053-CV, 2009 WL 722288, at *5-6 (Tex. App.—Austin Mar. 20, 2009, no pet.) (mem. op.); *DeGrate v. Executive Imprints, Inc.*, 261 S.W.3d 402, 412 (Tex. App.—Tyler 2008, no pet.); *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 548-550 (Tex. App.—Dallas 1994, writ denied).   Because we have upheld the summary judgment on all claims made by Loberg against HEB, the loss of consortium claim fails as a matter of law.

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice