

# NUMBER 13-13-00590-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                              Appellant,

v.

RAQUEL GUZMAN,                                              Appellee.

On appeal from the 139th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Texas Department of Public Safety ("DPS") filed this interlocutory appeal

to challenge the trial court's order denying its plea to the jurisdiction and motion to dismiss

in a slip and fall case brought against it by appellee Raquel Guzman.[1] By two issues,[2] DPS argues: (1) the trial court erred because DPS did not have actual knowledge of the alleged water on the floor; and (2) the trial court abused its discretion when it overruled DPS's objections to Guzman's affidavit. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Raquel Guzman entered a DPS office in Palmview, Texas to obtain a receipt for her driver's license renewal. As she was entering the DPS office, she slipped and fell on the floor, injuring herself. After she fell, she put her hands on the floor and felt that the floor was wet. Guzman noticed that an employee, identified as Armando Hilbrands, was mopping the floor nearby.

Nelda Diaz, a DPS employee, attempted to assist Guzman after she fell. The only other people present in the DPS office at the time of Guzman's fall were Diaz and Hilbrands. Diaz completed an incident report in which she stated that the "customer walked into DL office and fell when custodian was mopping." The incident report also noted that "Mando [Hilbrands] from DPS was mopping the lobby" when the customer, Guzman, fell.

---

[1] Texas Civil Practice and Remedies Code section 51.014(a)(8) provides a right of interlocutory appeal from a district court's order that "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2013 3d C.S.).

[2] DPS included as its second issue: "[t]he trial court erred in denying DPS's Plea to the Jurisdiction / Motion to Dismiss because even if Ms. Guzman was an invitee, [DPS] exercised reasonable care prior to Ms. Guzman's slip and fall. Guzman, however, has acknowledged in her brief on appeal that she is a "licensee." Thus, we need not address DPS's issue pertaining to an "invitee."

2

Guzman sued DPS alleging premises liability and negligence. Guzman claimed that she slipped and fell on a wet floor and concluded that the area where she fell had been recently mopped and was still "wet with residual water left by the mop."

DPS filed a plea to the jurisdiction and motion to dismiss, arguing Guzman failed to plead facts sufficient to establish a waiver of governmental immunity under the Texas Tort Claims Act (the "Act"). In support of its plea, DPS offered Hilbrands' testimony. Through his affidavit, Hilbrands stated that he did not see any water on the floor and had not yet mopped the entrance to the lobby where Guzman fell. After a hearing, the trial court denied DPS's plea to the jurisdiction. This interlocutory appeal followed.

## II. PLEA TO THE JURISDICTION

By its first issue, DPS asserts the trial court erred in denying DPS's plea to the jurisdiction and motion to dismiss because DPS did not have actual knowledge of the alleged water on the floor.

### A. Standard of Review

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction to hear a case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000); *Kamel v. Univ. of Tex. Health Sci. Ctr.*, 333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Whether a governmental entity is immune from suit is a question of subject-matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). We may not presume the existence of subject-matter jurisdiction; the burden is on the plaintiff to allege facts affirmatively demonstrating it. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44, 446 (Tex. 1993); *Kamel*, 333 S.W.3d at 681. In deciding a

3

plea to the jurisdiction, a court may not consider the merits of the case, but only the plaintiff's pleadings and evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Kamel,* 333 S.W.3d at 681. The existence of subject-matter jurisdiction is a question of law that we review de novo. *State Dep't of Hwys. & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Kamel*, 333 S.W.3d at 681.

When a plea challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issues. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Kaufman County. v. Leggett*, 396 S.W.3d 24, 28 (Tex. App.—Dallas 2012, pet. denied). In reviewing such a plea, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 227–28. This standard mirrors our summary-judgment standard under Texas Rule of Civil Procedure 166a(c) and places the burden on the governmental unit, as movant, to meet the standard of proof to support its contention that the trial court lacks subject-matter jurisdiction. *Id.* at 228. Once the governmental unit asserts and provides evidentiary support for its plea, the plaintiff is then required to show only that a disputed fact issue exists. *Id.*; *Leggett*, 396 S.W.3d at 28. If the evidence creates a fact question on the jurisdictional issue, the trial court cannot grant the plea; rather, the fact issue is for the fact finder to resolve. *Miranda*, 133 S.W.3d at 227–28. If the relevant evidence fails to raise a fact question or is undisputed on the jurisdictional issues, the trial court rules on the plea as a matter of law. *Id*. at 228.

4

**B.  Applicable Law**

A government entity has sovereign immunity from suit.  *City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008); *Miranda*, 133 S.W.3d at 225–26.  The Legislature, however, has provided a limited waiver of a city's immunity from suit for certain tort claims under the Act.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (West, Westlaw through 2013 3d C.S.); *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006).  The Act includes, among other things, a limited waiver of a city's immunity from suits for "personal injury and death so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."  TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

The Act recognizes premises claims, and the proof required to establish a breach of the duties owed for such a claim.  *See id.* § 101.022; *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).  Regarding a premises defect, the State owes a person the same duty a private landowner owes a licensee.  TEX. CIV. PRAC. & REM. CODE § 101.022(a); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974).  That duty requires that a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.  *Tennison,* 509 S.W.2d at 562.  The elements of a licensee's premises liability claim are:

  (1) a condition of the premises created an unreasonable risk of harm to the licensee;

  (2) the owner actually knew of the condition;

(3) the licensee did not actually know of the condition;

(4) the owner failed to exercise ordinary care to protect the licensee from danger either by not adequately warning the licensee of the condition or by not making the condition reasonably safe; and

(5) the owner's failure was a proximate cause of injury to the licensee.

*Payne*, 838 S.W.2d at 237.

## C.    Analysis

Guzman argues that since a DPS employee allegedly created the dangerous condition by mopping the floor, it is deemed to have actual knowledge of the dangerous condition.  *See Tex. Dep't of Transp. v. Henson*, 843 S.W.2d 648, 652 (Tex. App.—Houston [14th Dist.] 1992, write denied) (by creating dangerous condition through improper use of barrel-signs, State was deemed to have actual notice of defect); *Prairie View A&M Univ. v. Thomas*, 684 S.W.2d 169, 171 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd) (where State employees excavated hole and failed to place barricades or warning signs, State was deemed to have actual knowledge of condition and duty to warn pedestrians of danger).

In support of her contention that the State created the dangerous condition that led to her fall, Guzman offers her own affidavit stating that she saw a DPS employee mopping the lobby when she fell.  From this, she infers that she slipped and fell on a floor that appeared to have been recently mopped.  Guzman's version of events is substantiated by DPS's own accident report which states "a customer fell while Mando [Hilbrands] was mopping the lobby."  Hilbrands disputes Guzman's conclusion by claiming that he had not yet mopped the area where she fell, but that merely creates a fact issue.

6

We conclude that Guzman's testimony and the DPS accident report creates a reasonable inference of Hilbrand's actual knowledge of a dangerous condition that suffices to establish the governmental unit's actual knowledge of the alleged premises defect. *See Wal-Mart Stores, Inc. v. Chavez*, 81 S.W.3d 862, 864 (Tex. App.—San Antonio 2002, no pet.) (when defendant's employee learns of dangerous condition, defendant has actual notice of dangerous condition); *Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 343 (Tex. App.—Austin 2000, pet. denied) (same). Therefore, indulging every reasonable inference and resolving any doubts against DPS, we hold that the evidence sufficiently raises a question of fact regarding whether DPS had actual knowledge of the wet floor where Guzman slipped and fell. *See Miranda*, 133 S.W.3d at 227–28. In that event, the Texas Tort Claims Act imposes a duty on the governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a).

The trial court did not err in denying DPS's plea to the jurisdiction and motion to dismiss. *See Leggett*, 396 S.W.3d at 28. We overrule DPS's first issue.

### III. GUZMAN'S AFFIDAVIT

By its third issue, DPS argues the trial court abused its discretion when it overruled DPS's objections that Guzman's statement in her affidavit that the floor was recently mopped was conclusory and speculative. DPS contends she made that "conclusion after she saw the DPS employee at a distance to her right with a mop . . . [and that] she has no factual support as to how she concluded that the 'wet spot' was from the floor being 'recently mopped.'"

7

## A.    Standard of Review

Decisions regarding the admissibility of evidence are left to the sound discretion of the trial court.    *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex. 1989); *Pegasus Energy Group v. Cheyenne Petroleum Co.,* 3 S.W.3d 112, 133 (Tex. App.—Corpus Christi 1999, pet. denied).    A trial court abuses its discretion when it acts without regard for any guiding rules or principles.    *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995).    To obtain reversal of a judgment based on error in the admission or exclusion of evidence, appellants must show the trial court committed error, and that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment.    TEX. R. APP. P. 44.1(a)(1); *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex. 1992); *Gee*, 765 S.W.2d at 396; *Pegasus*, 3 S.W.3d at 133; *Downen v. Tex. Gulf Shrimp Co.*, 846 S.W.2d 506, 512 (Tex. App.—Corpus Christi 1993, writ denied).

## B.    Applicable Law

DPS argues that Guzman's statements are speculative and conclusory.    There are two types of conclusory statements: (1) legal conclusions; and (2) factual conclusions. *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ). The objection that a statement is "conclusory" is frequently made to challenge affidavits. *See Johnson v. Bethesda Lutheran Homes & Servs.*, 935 S.W.2d 235, 239 (Tex. App.— Houston [1st Dist.] 1996, no writ.) (Hedges, J., concurring).    It does not mean that logical conclusions based on stated underlying facts are improper.    *Id.*; *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991).    What is objectionable is testimony that is nothing more than

8

a legal conclusion. *Rizkallah,* 952 S.W.2d at 587. To allow such testimony is to reduce to a legal issue a matter that should be resolved by relying on facts. *Id.* Statements of legal conclusions amount to little more than the witness choosing sides on the outcome of the case. *Mowbray v. State,* 788 S.W.2d 658, 668 (Tex. App.—Corpus Christi 1990, pet. ref'd).

Similarly, factually conclusive statements in affidavits are not proper if there are no facts to support the conclusions. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (interested witness affidavit that says affiant "estimates" or "believes" certain facts will not support summary judgment). Conclusory statements without factual support are not credible, and are not susceptible to being readily controverted. *Id.*; *see* TEX. R. CIV. P. 166a(c) (West, Westlaw through 2013 3d C.S.).

## C. Analysis

DPS claims Guzman failed to provide any facts that would support her conclusion because she does not explain what a recently mopped floor looks like and does not elaborate on the meaning of "residual water." DPS argues that residual water on a recently mopped floor could have come from a number of other sources such as a child spilling a cup of water or a person at a water fountain. DPS reasons that because Guzman did not actually see Hilbrands mopping the lobby, she cannot specifically identify the source of the water, and therefore her affidavit is conclusory. We are unpersuaded by DPS's argument.

In her affidavit, Guzman states:

While I was walking through the doorway and entering the [DPS office] premises, I slipped on a wet spot on the floor . . . Immediately after my fall I

noticed an employee mopping the floor . . . I didn't slip in a standing puddle of water, I slipped in an area that appeared to have been recently mopped. The surface of the floor was wet with residual water left by the mop.

Guzman's observations are more than estimates or beliefs. She specifically includes factual observations that she slipped "on a wet spot on the floor", "noticed an employee mopping the floor", and "[did not] slip in a standing puddle of water." These factual observations distinguish Guzman's affidavit from instances where there are no facts to support the conclusions. *See Ryland*, 924 S.W.2d at 122; *Tex. Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) ("I believe I was terminated because" did not raise a fact issue in response to a motion for summary judgment). Guzman's conclusion that she slipped on a recently mopped floor is supported by her factual observations. *See Rizkallah,* 952 S.W.2d at 587 (finding that some, but not all, of plaintiff's factually conclusive statements about the condition of her car were supported by her affidavit). Whether her conclusion is correct is a question for the jury.

The trial court did not abuse its discretion in overruling DPS's objections. We overrule DPS's third issue.

## IV. CONCLUSION

We affirm the holdings of the trial court.


GREGORY T. PERKES
Justice

Delivered and filed the
13th day of November, 2014.

10